### TOWN COUNCIL OF McCORMICK v. CALHOUN.

1. A municipal corporation, under the powers conferred upon it to pass ordinances respecting police, may enact an ordinance to prohibit the sale of spirituous liquors within the town limits; and under its grant of the same power to try and punish any person violating a town ordinance as trial justices have, the town council have jurisdiction of violations of such an ordinance.

2. A municipal corporation having the power, under its charter, to impose a punishment not exceeding $100 fine or thirty days imprisonment, passed an ordinance prescribing for an offence a fine not exceeding $100 or imprisonment at the discretion of the council. *Held,* that the ordinance, construed in subordination to the charter, limited the

discretion of the council to a period not exceeding 30 days, and so construed, was valid.

3. A provision in the charter that "It shall not be lawful for any intendant or warden to issue a license to any person to sell any kind of spirituous liquors in said town. And any person selling liquors shall be subject to all the penalties imposed by the laws of this State, as if no such license had been granted," subjects to indictment any person selling liquor with or without the license of the town, but does not prevent the town council from imposing its penalties for the violation of a town ordinance prohibiting the sale of liquor.

Before WALLACE, J., Abbeville, June, 1888.

The opinion fully states the case.

*Mr. E. B. Gary*, for appellant.

*Messrs. Perrin & Cothran*, contra.

January 3, 1889.   The opinion of the court was delivered by

MR. JUSTICE McIVER.   The appellant was tried by the town council of McCormick for selling spirituous liquors within the corporate limits of said town, and upon conviction was sentenced to pay a fine of seventy-five dollars or be imprisoned in the county jail for a period of three months.   The ordinance under which appellant was tried makes it unlawful for any person to sell, within the corporate limits of the town, any spirituous liquors, and declares that any person, upon conviction of having violated such ordinance, shall "be fined not less than ten or more than one hundred dollars, or be imprisoned at the discretion of the council."   Appellant appealed from the sentence imposed upon him on two grounds: "I Because the intendant and wardens of the said town did not have jurisdiction to try and determine said case.   II. Because the testimony of the witnesses who testified in said case was not reduced to writing, and was not signed by them."

That appeal was heard by Judge Wallace, who overruled the first ground, but sustained the second, and ordered the case to be remanded to the town council of McCormick for a new trial. From his judgment this appeal was taken on three grounds, sub-

stantially as follows: 1st. Because the town council have no jurisdiction of the case. 2nd. Because the charter of the town having prescribed the punishment in such cases, the town council have no right to pass an ordinance changing the punishment so as to bring the case within its jurisdiction. 3rd. Because the ordinance does not bring the case within the jurisdiction of the town council, as it prescribes a punishment which may be greater than a fine of one hundred dollars, or imprisonment for a longer period than thirty days.

The charter of the town, granted by the act of 1882 (18 *Stat.*, 137), expressly confers upon the town council "the same power which a trial justice now has to try, fine, and punish any person or persons violating any of the town ordinances," and it also confers the power to pass any ordinances "respecting the streets, ways, public wells, springs, markets, and police as may be necessary for preserving the health, peace, order, and good government in said town : Provided, said laws are not repugnant to the laws of the State." If, therefore, the town council has, as we have seen, passed an ordinance forbidding the sale of spirituous liquors within the corporate limits of the town (which it is well settled falls within the police power, *State* v. *Berlin*, 21 S. C , 292), it is quite clear that the town council has been invested with jurisdiction to try offenders against such ordinance, provided the same is not repugnant to the laws of the State. We are unable to discover any such repugnancy.

It is true that the penalty imposed by the ordinance for the offence charged may, at first view, seem to exceed the limit prescribed by the charter so far as the period of imprisonment is concerned, and it does appear that in this case the town council acted upon this erroneous view in undertaking to impose an imprisonment for a longer period than thirty days, the limit of their jurisdiction as fixed by the 7th section of the charter. But, upon well settled principles, the ordinance must be construed in connection with, and in subordination to, the charter from which it derives its force. Now, as we have seen the charter limits the jurisdiction of the town council to try, fine, or punish any violation of its ordinances to that conferred upon a trial justice, and hence they can impose no fine exceeding one hundred dollars, or

imprison for a longer period than thirty days, but within those limits their power is discretionary. Hence when the ordinance prescribes as a punishment for selling spirituous liquors within the corporate limits of said town a fine of "not less than ten or more than one hundred dollars (which does not exceed the prescribed limit), or imprisonment at the discretion of the council," which, looked at alone, and without reference to the terms of the charter, might be regarded as exceeding the prescribed limit, those words—"at the discretion of the council"— must be construed as the *legal* discretion of the council, that is, at the discretion of the council within the limit prescribed by the charter.

The point is made by the second ground of appeal that, inasmuch as the charter prescribes the punishment for the offence of selling spirituous liquors within the corporate limits of said town, the town council has no power to pass an ordinance changing such punishment so as to bring the case within the jurisdiction of the town council. This position, it seems to us, is based upon a misconception of the scope and effect of the 5th section of the charter, upon which it is based in the argument here. That section reads as follows: "It shall not be lawful for any intendant or wardens to issue a license to any person or persons to sell any kind of spirituous or intoxicating liquors * * in said town. And any person or persons selling liquors * * shall be subject to all the penalties imposed by the laws of this State as if no such license had been granted." The manifest object of that section was to forbid the granting of licenses to sell spirituous liquors by the town authorities, and to declare that if, in defiance of such prohibition, a license should be granted, it should afford no protection to a person indicted for a violation of the laws of the State in respect to the sale of spirituous liquors. It does not purport to prescribe any punishment whatever for a violation of the ordinances of the town, for in the very next and succeeding sections that matter is left to the town council. We do not see, therefore, any ground for the position taken in the second ground of appeal. The sole purpose and effect of the fifth section of the charter was to declare that a person who sells spirituous liquors within the corporate limits of the town of McCormick, either

with or without a license from the town authorities, should be subject to the penalties imposed by the laws of the State under an indictment for such offence, but it in no way interferes with the power of the town council to impose penalties, within the prescribed limits, for a violation of its ordinances in respect to the sale of spirituous liquors. See *City Council of Anderson* v. *O'Donnell*, 29 S. C., 355.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.